# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM BAGBY, ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-05-1254-L |
| ) | |
| ERIC FRANKLIN, ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1]. Respondent has filed a Response [Doc. #14] and seeks dismissal of the Petition on the ground that Petitioner has not exhausted available state remedies.[1] Petitioner has replied [Doc. #16]. Additionally, Petitioner has moved for appointment of counsel [Doc. #2] and for an evidentiary hearing [Doc. #3]. For the reasons set forth below, it is recommended that the Petition be dismissed without prejudice to refiling for failure to exhaust state remedies. It is further recommended that Petitioner's Motion to Appoint Counsel and Motion for Evidentiary Hearing be denied.

**Background**

Petitioner is an inmate in the custody of the Oklahoma Department of Corrections (ODOC) and currently is incarcerated at James Crabtree Correctional Center. Petitioner challenges the result of a prison disciplinary hearing held on July 1, 2005. Petitioner was found guilty of Individual Disruptive Behavior. *See* Response, Exhibit 2, Disciplinary

---

[1] Respondent incorrectly identifies this action as arising under 28 U.S.C. § 2254. It does not. Because Petitioner is challenging the execution of his sentence, this action arises under 28 U.S.C. § 2241. Petitioner has correctly identified the statutory authority governing the action.

Hearing Report.  As a result of his conviction, Petitioner lost 120 earned credits and was reassigned to Level 1 for 60 days.  *See id.  See also* Petition at 3.  Petitioner's conviction was affirmed by the facility head on July 3, 2005.  *See* Response Ex. 2.  Petitioner states that he filed a misconduct appeal with the Designee for the Director.  Petition at 4.   Petitioner's disciplinary conviction was apparently affirmed.[2]   Pursuant to ODOC procedures, Petitioner's disciplinary conviction became final on the date his misconduct appeal was affirmed by the Director.  *See* ODOC Inmate Disciplinary Procedures, OP-060125, ¶V(B)(3).[3]

**Petitioner's Claims for Habeas Relief**

Petitioner challenges his disciplinary conviction on the grounds that he was denied a fundamentally fair disciplinary hearing conducted by an impartial hearing committee in violation of his state and federal constitutional rights.  Petition at 4.  Petitioner further states that the finding of guilt was not supported by any evidence.  Petition at 4-6.

Respondent has not addressed the merits of Petitioner's claims.  Rather, Respondent moves to dismiss the Petition on the ground that Petitioner has failed to exhaust available state court remedies.  In support of dismissal, Respondent relies upon Oklahoma statute, Okla. Stat. tit. 57, § 564.1.

---

[2]Neither Petitioner nor Respondent has included documentation of the appeal to the Director. Petitioner references "Exhibit D," but no such exhibit is attached to the Petition.  Respondent makes no reference to an appeal to the Director.

[3]The Court takes judicial notice of the ODOC Disciplinary Procedures, available at <www.doc.state.ok.us>.

**Analysis**

A state prisoner who alleges a violation of his due process rights in the context of a prison disciplinary proceeding, and challenges the execution of his sentence pursuant to 28 U.S.C. § 2241, is required to exhaust available state remedies prior to filing a federal habeas petition. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). "The exhaustion of state remedies includes both administrative and state court remedies." *Id*.

Interpreting then-current Oklahoma law, the Tenth Circuit has held that where, as here, immediate release is not at issue, an Oklahoma prisoner challenging a prison disciplinary conviction on due process grounds has no available state remedy and, therefore, exhaustion is not required. *See Gamble v. Calbone*, 375 F.3d 1021, 1027 (10th Cir. 2004) ("We continue to follow our ruling in *Wallace* [*v. Cody*, 951 F.2d 1170 (10th Cir. 1991] that there is no state-exhaustion requirement for Oklahoma inmates challenging the merits of a disciplinary board revocation of earned credits where the inmate is seeking only speedier, and not immediate, release.").

After *Gamble* was decided, the Oklahoma Legislature enacted Okla. Stat. tit. 57, § 564.1, which became effective on May 10, 2005. Section 564.1 expressly provides for judicial review in Oklahoma state courts for prison disciplinary proceedings that result in the revocation of earned credits.[4] Citing section 564.1, Respondent seeks dismissal of the

---

[4]Section 564.1 provides:
A. In those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence of the Department of Corrections. To be considered by the court, the inmate shall meet the following requirements:

(continued...)

3

Petition because Petitioner has not sought judicial review of his disciplinary conviction in state court.

Petitioner's disciplinary hearing was held on July 1, 2005, after the effective date of §564.1. Therefore, when Petitioner's disciplinary conviction became final, state judicial review was available to him as provided by § 564.1. But Petitioner did not seek state judicial

---

[4](...continued)
> 1. The petition shall be filed within ninety (90) days of the date the petitioner is notified of the final Department of Corrections decision in the Department disciplinary appeal process.
> 2. The petition shall only name the Department of Corrections as the respondent and service shall be in accordance with the rules for service under the laws of this state.
> 3. The petition shall be limited to the review of only one disciplinary report and no other pleading is allowed other than the petition and the answer.
> 4. The court shall not consider any pleadings from any intervening parties and shall not stay the Department disciplinary process during the review of the misconduct hearing.
>
> B. The answer of the Department shall be filed within thirty (30) days of receipt of the petition unless the court orders a special report upon motion by one party or upon its own motion.
> C. The petition shall assert that due process was not provided and prove which element of due process, relevant only to a prison administrative disciplinary proceeding, was not provided by the prison staff.
> D. The court shall only determine whether due process was provided by the revoking authority. In determining whether due process was provided, the court shall determine:
>> 1. Whether written notice of the charge was provided to the inmate;
>> 2. Whether the inmate had a minimum of twenty-four (24) hours to prepare after notice of the charge;
>> 3. Whether the inmate was provided an opportunity for a hearing by a prison employee not involved in bringing the charge;
>> 4. Whether the inmate had the opportunity to present relevant documentary evidence;
>> 5. Whether the inmate had the opportunity to call witnesses when doing so would not be hazardous to institutional safety or burden correctional goals;
>> 6. Whether the inmate was provided a written statement as to the evidence relied on and the reasons for the discipline imposed; and
>> 7. Whether any evidence existed in the record upon which the hearing officer could base a finding of guilt.
>
> E. The judicial review as provided in this section shall not be an independent assessment of the credibility of any witness or a weighing of the evidence, and there shall be no right to an error free proceeding or to confront accusers. The only remedy to be provided, if the court finds due process was not provided, is an order to the Department to provide due process.
> F. There shall be no recovery allowed for costs and fees, providing that frivolous petitions are subject to the sanctions provided by the laws of this state.
> G. Either party aggrieved by the final order of the district court on a petition for judicial review may only appeal the order to the Oklahoma Court of Criminal Appeals as set forth in the rules of such Court.

review. Instead, he filed the instant action on October 28, 2005. In his Reply, Petitioner contends that state judicial review is unavailable for his claim of "insufficient evidence." He is wrong. Although Petitioner was entitled to due process, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To meet the due process standard in an institutional disciplinary proceeding, an inmate must receive (1) advance written notice of the disciplinary charge; (2) an opportunity, when consistent with institutional safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). If these requirements are met, and there is "some evidence," to support the decision, then procedural due process has been provided. *Id.* The "some evidence" standard is not the same as the sufficiency of the evidence standard for criminal convictions.

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455-56. The decision can be upheld even if the evidence supporting the decision is "meager." *Id.* at 457. Section 564.1 specifically provides for review to determine "[w]hether any evidence existed in the record upon which the hearing officer could base a finding of guilt." Okla. Stat. tit. 57, § 564.1(D)(7). Therefore, contrary to Plaintiff's assertion, § 564.1 provides for the review Plaintiff seeks in this Court. Because Petitioner failed to pursue the

state court remedies available under § 564.1, he has failed to satisfy the exhaustion requirement for a habeas action brought pursuant to 28 U.S.C. § 2241. Accordingly, it is recommended that the Petition be dismissed for failure to exhaust state remedies. The dismissal should be without prejudice to refiling.[5]

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus be [Doc. #1] be dismissed without prejudice to refiling. It is further recommended that Petitioner's Motion for Appointment of Counsel [Doc.#2] and Motion for Evidentiary Hearing [Doc. #3] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by February __13th__, 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[5] The 90-day period for seeking judicial review in the state district court has now almost certainly expired. Section 564.1 does not contain any exception for extending the time limitation placed upon the filing of a state court action. It appears, therefore, that Petitioner may be precluded from exhausting his state court remedies in which case he may be procedurally barred from raising his federal habeas claims in a future action.

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral [Doc. #5] by the District Judge in this matter.

ENTERED this __24th__ day of January, 2006.

_/s/ Valerie K. Couch_
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE